FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 08 2010

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

STATE OF ARKANSAS ex rel.
DUSTIN McDANIEL, Attorney General                    PLAINTIFF

v.                    Case No. 4:10-cv-00378-SWW

U.S. FIDELIS, Inc., f/k/a
NATIONAL AUTO WARRANTY
SERVICES, INC.; DARAIN E. ATKINSON;
and CORY C. ATKINSON                                 DEFENDANTS

---

## CONSENT JUDGMENT AND PERMANENT INJUNCTION BETWEEN PLAINTIFF AND DEFENDANT CORY ATKINSON

### PREAMBLE

This Consent Judgment and Permanent Injunction (hereinafter referred to as "Judgment") is entered into between the Attorneys General of the States and Commonwealths of Arkansas, Idaho, Iowa, Kansas, North Carolina, Ohio, Oregon, Pennsylvania, Texas, Washington, and Wisconsin (referred to collectively as "Participating States"), acting on behalf of their respective states, and pursuant to their respective consumer protections statutes, and Defendant **Cory Atkinson**, individually (hereinafter collectively referred to as "Parties."). There will be separate Consent Judgments for Defendants Darain Atkinson and U.S. Fidelis, Inc.

### I.    GENERAL PROVISIONS

This Court, recognizing that the Plaintiff, by Kevin Wells, Assistant Attorney General, and Defendant, by his counsel, have consented to the entry of this Judgment, finds as follows:

1.  The court has jurisdiction over the parties and the subject matter of this litigation.

2. Venue is proper because the alleged violations of to the Telemarketing and Consumer Protection Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101, *et seq.*, the Telemarketing Sales Rule, 16 C.F.R. § 310, the Telephone Consumer Protection Act, 47 U.S.C. § 227, 47 C.F.R. § 64.1200, the Arkansas Consumer Telephone Privacy Act, ARK. CODE ANN. § 4-99-401, *et seq.*, the Caller Identification Blocking by Telephonic Sellers Act, ARK. CODE ANN. § 4-99-301, *et seq.*, the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. § 4-88-101, *et seq.*, and ARK. CODE ANN. § 5-63-204 occurred in the State of Arkansas.

3. Plaintiff, Attorney General Dustin McDaniel, has authority under the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. § 4-88-101, *et seq.* to bring consumer protection actions on behalf of the State of Arkansas.

4. Defendant Cory Atkinson is the former Vice-President, Secretary, Director, and 50 percent shareholder of Defendant U.S. Fidelis, formerly known as National Auto Warranty Services and Dealer Services.

5. This Judgment shall be governed by the laws of the State of Arkansas.

6. This Judgment is entered into by Defendant as a free and voluntary act and with full knowledge and understanding of the nature of the proceedings and the obligations and duties imposed by this Judgment.

7. This Judgment is entered into by Plaintiff based upon the financial statement provided by Defendant to the United States Bankruptcy Court for the Eastern District of Missouri, St. Louis Division, in the bankruptcy case of *In re: U.S. Fidelis, Inc.,* Case No. 10-41902. This Judgment is expressly premised upon the truthfulness, accuracy and completeness of Defendant's financial condition as represented in the financial statement that contained material information relied upon by the Participating States in negotiating and

agreeing to the terms of this Judgment. The failure to provide truthful and accurate financial statements constitutes a violation of this agreement affording Plaintiff all remedies provided by law.

8.   Nothing in this Judgment constitutes any admission of guilt or liability by the Defendant. The Parties acknowledge that this agreed Judgment is in their mutual best interests and is preferable to expensive litigation concerning Plaintiff's allegations in this state, as well as other states, and Defendant's defenses to those allegations.

9.   Defendant is not admitting that each of the acts alleged, if proved in a court of law, would necessarily constitute a violation of any federal, state, or local law; but Defendant acknowledges that this Judgment constitutes legal notice and knowledge that it is the States' position that the alleged acts constitute a state or federal law violation.

10. Nothing in this Judgment constitutes any agreement by the Parties concerning the characterization of the amounts paid pursuant to this Judgment for purposes of the Internal Revenue Code or any state tax laws.

11. Except as set forth in Section X, this Judgment shall not bar the Attorney General or any local, state, federal, or other governmental entity from enforcing other laws or rules within their jurisdiction against the Defendant as to any of Defendant's business practices, including those alleged in the Complaint. Nothing in this Judgment shall affect the admissibility of this Judgment in any proceeding. Moreover, nothing in this Judgment shall be deemed to waive any rights of Defendant to argue the inadmissibility of this Judgment in any proceeding other than an action by the Attorney General to enforce this Judgment.

12. Nothing contained herein shall be construed to waive any individual right of action by a consumer.

13. Defendant shall not represent or imply that the Attorney General approves of Defendant's past business practices, current efforts to reform its practices, or any further practices that Defendant may adopt or consider adopting. Likewise, as to the advertisements that Defendant provided to the Attorney General during the investigation, Defendant shall not represent or imply that the Attorney General approves of or endorses Defendant's advertisements or business practices.

## II.  DEFINITIONS

1.      For purposes of this Judgment, and except where specifically noted otherwise, "**Defendant**" shall mean **Cory Atkinson**, whether operating under his own name or any other business names, including all other persons acting in concert or participation with him, directly or indirectly, or acting on behalf of Defendant or at his direction, through any corporate device, partnership or association, jointly and severally, including all persons and entities that receive notice of this Judgment.

2.      For purposes of this Judgment, an "affiliate" shall mean a business entity that is owned by, operated by, controlled by, or under common control with another business entity.

3.      For purposes of this Judgment, "service contract" or "motor vehicle service contract" shall mean a contract or agreement (a) that contains a separately stated consideration for a specific duration to perform the repair, replacement or maintenance of a motor vehicle and includes vehicle protection products; or (b) that provides indemnification for repair, replacement or maintenance of a motor vehicle due to an operational or structural defect in materials, workmanship or normal wear and tear; and (c) may or may not include additional provision for incidental payment of indemnity under limited circumstances, including but not limited to, towing, rental and emergency road service.

4

4.      For purposes of this Judgment, a statement or communication is "clear and conspicuous" if it is readily understandable and presented in such size, color, contrast, location and audibility, compared to the other matter with which it is presented, as to be readily understood. If such statement modifies, explains, or clarifies other information with which it is presented, it must be presented in close proximity to the information it modifies and in a manner so as to be readily noticed and understood.

5.      For purposes of this Judgment, an "Authorized Telemarketer" shall mean a business or other entity that conducts telemarketing or generates leads on Defendant's behalf in connection with the offer or sale of products or services.

6.      For purposes of this Judgment, "telemarketing" or "telephone solicitation" shall mean any telephone call or message for the purpose of encouraging or inducing the purchase of goods or services or means any definition provided in any federal, state, or local law defining that term. However, nothing herein shall be construed to affect, restrict, limit, waive, or alter the definition of "telemarketing" or "telephone solicitation" under the laws and statutes of the states, and nothing herein shall be construed to limit the authority of the Attorneys General to enforce federal or state laws and statutes, including those regarding "telemarketing" and "telephone solicitations."

7.      For purposes of this Judgment, "spoofing" shall mean using any means to block, disguise or falsify the identity of the originator that (a) fails to comply with state and federal laws, or (b) fails to transmit or display the originator's telephone or the telephone number of the company selling a product or service that a consumer can call during regular business hours to be placed on a do-not-call list.

8.      For purposes of this Judgment, and in the context of accepting payment from consumers for Defendant's goods and services, "process" shall refer to the submission

5

of a consumer's credit card information to Defendant's credit card processor for approval of the charges incurred by the consumer; the "process" is completed upon the receipt by Defendant of an authorization number for the transaction.

9.      For purposes of this Judgment, a "Risk Retention Group" (RRG) shall mean an entity, formed under the Federal Liability Risk Retention Act of 1986, which insures payment of monies owed for claims due on a service contract.

10.     "Written solicitation" or "written communication" shall include, but is not limited to, solicitations and communications on paper, on the internet, or electronically (i.e. e-mail, instant messaging, etc.).

11.     For purposes of this Judgment, the "Effective Date" shall mean the date by which all Parties have executed the Judgment.

### III.     REPRESENTATIONS AND WARRANTIES

1.      Defendant warrants and represents that he and his predecessors, successors, and assigns were engaged in the business of marketing, selling, and promoting the sales of motor vehicle service contracts to consumers. Defendant further acknowledges that he is the proper party to this Judgment. Defendant warrants and represents that the individual(s) signing this Judgment is fully authorized to enter into this Judgment and to legally bind Defendant to all of the terms, conditions, and injunctions of this Judgment.

2.      Defendant and the Participating States warrant and represent that they negotiated the terms of this Judgment in good faith.

### IV.     ALLEGED VIOLATIONS

The State alleges that Defendant violated the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. § 4-88-101, *et seq.*, by selling and marketing motor vehicle service

contracts in a false, deceptive and misleading manner, including but not limited to the following:

1.     Representing that a consumer's motor vehicle warranty expired, is expiring, or is about to expire when such statement is not true or cannot be substantiated;

2.     Representing or implying that a consumer's vehicle may be unsafe or subject to recall, when such is not the case or is not known;

3.     Misrepresenting the nature of the motor vehicle service contract as a "warranty," "factory warranty," or "extended warranty," when in fact the product being sold is not a "warranty," "factory warranty," or "extended warranty";

4.     Representing that Defendant has a preexisting relationship with a consumer when such a relationship does not exist;

5.     Representing or implying to a consumer that a solicitation is a final or limited time offer when such is not or was not the case.

6.     Representing or implying to a consumer that a solicitation is a final offer when the offer was never previously made to the same consumer;

7.     Creating a false sense of urgency that an offer will expire when no actual expiration date for the offer exists;

8.     Representing to a consumer that the offer is "exclusive" when such is not the case;

9.     Creating confusion in consumers as to the source, sponsorship, approval, or certification of the service contracts offered by Defendant, including misrepresenting or causing confusion that U.S. Fidelis is the company with which consumers had their original motor vehicle warranty;

10.     Representing or implying an affiliation, connection or association with, or certification by a third party, such as a manufacturer, government agency or other entity, when in fact there was no such relationship with the third party;

11.     Misrepresenting or implying that the service contracts Defendant sells or offers have uses, benefits, standards, grades, or qualities that they do not have;

12.     Failing to disclose all material terms of a service contract offer in solicitations and marketing contacts with consumers;

13.     Refusing to allow a consumer an opportunity to review the complete written service contract agreement upon request;

14.     Misleading consumers as to the nature of U.S. Fidelis' relationship with the service contract provider;

15.     Engaging in violations of state and federal do-not-call laws by failing to scrub telephone numbers, making calls to consumers on state and federal do-not-call lists, making calls to cell phones, failing to transmit caller identification information, spoofing, failing to register as a telemarketer and failing or refusing to place consumers on internal do-not call lists upon the consumer's request;

16.     Engaging in violations of state and federal laws in the use of automatic dialing and announcing devices (ADAD) and state and federal do-not-call laws and the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. §227 et seq. and 47 C.F.R. 64.1200, and as it is amended hereafter; the Telemarketing and Consumer Fraud and Abuse Prevention Act (TCFAPA), 15 U.S.C. §1601 et seq.; and the Telephone Sales Rule (TSR), 16 C.F.R. Part 310, and as it is amended hereafter, including, but not limited to, placing calls into Arkansas in which such calls are prohibited for commercial purposes, calling cell phones, emergency lines and hospitals, spoofing, using such devices in violation of state and federal

do-not-call laws, and using such devices in a manner that the consumer is unable to place his or her phone number on an internal do-not-call list;

17.     Providing false or misleading caller identification information, including preventing the display of caller identification, using methods that bypass, circumvent, or disable caller identification, or using methods that mislead the caller as to the identification of the caller or the caller's phone number;

18.     Selling or offering for sale service contracts in violation of state licensing or registration laws, including the licensing or registration of U.S. Fidelis as a marketer, as licensed or registered sales staff, and the licensing or registration of the motor vehicle service contracts sold by Defendant;

19.     Engaging in a pattern or practice of failing to provide prompt refunds to consumers, issuing refunds that were less than the amount required by contract or state law or denying valid refund requests;

20.     Obtaining, directly or indirectly, consumers' personal information as that term is defined in the Drivers' Privacy Protection Act (DPPA), 18 U.S.C. § 2721 et seq., from a state department of motor vehicle without the express consent of the person to whom such personal information pertains, in violation of the DPPA; and

21.     Obtaining, directly or indirectly, consumers' credit information without using that information for a permissible purpose within the meaning of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, et seq.

22.     Defendant denies each and every one of the foregoing allegations of wrongdoing in paragraphs One through Twenty-One, above.

## V.     INJUNCTIVE PROVISIONS

**IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

Pursuant to ARK. CODE ANN. § 4-88-104, Defendant, under his own name or any other business names, including any officers, directors, agents, representatives, salespersons, employees, independent contractors, affiliates, successors and assigns, and all other persons acting in concert or participation with them, directly or indirectly, or acting on behalf of Defendant or at his direction, and who have actual or constructive notice of this Judgment, are hereby permanently **RESTRAINED** and **ENJOINED** from engaging in any conduct that does not comply with Section VI of this Judgment.

## VI. COMPLIANCE

Defendant, under his own name or any other business names, any officers, directors, agents, representatives, salespersons, employees, independent contractors, affiliates, successors and assigns, and all other persons acting in concert or participation with Defendant, directly or indirectly, or acting on behalf of Defendant or at his direction, and who have actual or constructive notice of this Judgment, agree to comply with the following provisions:

1.    <u>Efforts to Comply with this Consent Judgment</u>. Defendant shall not sell, offer to sell or provide to anyone any materials that would enable any other person or business to engage in any act or practice that would violate this Judgment were it committed directly by Defendant. Defendant shall not direct, train, instruct, or induce any person to perform any act prohibited by, or refrain from performing any act required by, this Judgment.

2.    <u>Telemarketing Prohibition.</u> Defendant shall not engage in any telemarketing sales or telephone solicitations as that term is defined by the federal Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. Sec. 6101, *et. seq.*, the Telemarketing Sales Rule, 16 CFR Part 310, other state or local laws. This Paragraph, which never expires,

prohibits Defendant from engaging in telephone solicitations to Arkansas consumers and prohibits Defendant from registering with the Attorney General to conduct telephone solicitations in Arkansas. This Paragraph also applies to any business that Defendant owns, operates, or manages now and in the future.

3.      <u>Motor Vehicle Service Contract Prohibition</u>. Defendant shall not engage in the marketing or administration of motor vehicle service contracts, or any other aspect related to or associated with the sales of motor vehicle service contracts, other than those sold in connection with the sale of a motor vehicle by a motor vehicle dealership at which he is employed.

4.      <u>Compliance with Applicable Laws</u>. Defendant shall comply with the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. § 4-88-101, *et seq.*, the Arkansas Telephone Consumer Privacy ARK. CODE ANN. § 4-99-401, *et seq.*, the Caller Identification Blocking by Telephonic Sellers Act, ARK. CODE ANN. § 4-99-301, *et seq.*, and ARK. CODE ANN. § 5-63-204, particularly in connection with the promotion, offer for sale, or sale of goods or services.

5.      <u>Representations of Fact</u>. Defendant shall not make false or misleading representations of fact, particularly concerning any terms of an offer or the terms of any good or service offered for sale.

6.      <u>Other Business Names</u>. Defendant shall not use a misleading assumed business name, logo, or other mark that is misleading as to the nature of the services Defendant provides, the products Defendant sells, or Defendant's affiliations with others.

7.     <u>General Marketing and Sales Practices</u>. In the marketing and sale of goods and services, Defendant shall:

    a.  Not mislead consumers regarding Defendant's affiliation, connection, association with, or certification by a third party.

    b.  Not mislead consumers regarding the source, sponsorship, approval, or certification of goods or services that Defendant sells or offers for sale.

    c.  Not mislead consumers to believe that Defendant offers for sale or sells goods or services on behalf of third party providers and, in addition, not mislead consumers that the third party, and not the Defendant, is responsible for administering the contract.

    d.  Not mislead consumers as to the nature of Defendant's relationship with the provider of a good or service.

    e.  Not represent or imply that the Defendant has a preexisting relationship with a consumer that does not in fact exist.

    f.  Not make a representation directly or by implication in any advertisement that is false or misleading.

    g.  Substantiate, in writing within twenty-one (21) days of receiving a written request for substantiation from a consumer or the Attorney General, any representation made directly or by implication in any advertisement .

    h.  Not make a representation directly or implicitly in any advertisement targeted to a specific consumer that is false or misleading.

    i.  Not mislead consumers regarding what information Defendant has in his possession.

j.  Not represent or imply that a solicitation constitutes a limited time offer unless such is the case. Defendant shall not create a false sense of urgency or represent or imply that any offer is limited or will expire within a set period of time unless Defendant (by using the word "final" or any words of similar import) will in fact refuse to honor the terms of the offer after the specific period of time has expired and Defendant can substantiate this statement in writing within twenty-one days of receiving a written request for substantiation from a consumer or the Attorney General.

k.  Not represent or imply that a solicitation constitutes a "final" offer unless such is the case and can be substantiated in writing within twenty-one days of receiving a written request for substantiation from a consumer or the Attorney General.

l.  Not represent or imply that an offer is "exclusive" unless such is the case and can be substantiated in writing within twenty-one days of receiving a written request for substantiation from a consumer or the Attorney General.

m.  Not represent or imply that the goods or services Defendant sells or offers for sale have sponsorship, approval, characteristics, uses, benefits, or qualities that they do not in fact have.

n.  Not represent or imply that the goods or services Defendant sells or offers for sale are of a different standard, quality, or grade than they actually are.

o.  Not represent or imply that the purchase or ownership of goods or services can increase or enhance its value unless Defendant has documented substantiation of such claim and provides that substantiation to the Attorney General within twenty-one days of receipt of a request for such.

p.  Not disproportionately target older consumers in any marketing efforts. For the purposes of this Judgment, "older" consumers shall mean consumers age sixty-five years or older. However, Defendant is advised that ARK. CODE ANN. § 4-88-201 enhances the amount of civil penalties recoverable from an entity or individual when the deceptive or illegal marketing practices target consumers sixty (60) years of age or older. Defendant, Defendant's employees or third-party marketing agents and contractors shall not utilize calling or mailing lists that have been compiled to disproportionately target older consumers using any criteria that indirectly suggest a reasonable likelihood that such consumers are age sixty (60) or older, including, but not limited to: addresses or phone numbers being associated with a retirement community; consumers' status as retirees; or whether such consumers are drawing a pension or drawing Social Security.

q.  Not sell or provide personal information obtained from a consumer during a sale to unaffiliated companies for marketing purposes without the consumer's knowledge and express authorization; and

r.  Post the privacy policy in a clear and conspicuous manner on any website sponsored by Defendant.

8.      Disclosure of Coverage, Exclusions, Conditions, and Costs. In order to ensure that the consumer has all material information necessary to make an informed purchasing decisions, before the Defendant processes any payment by a consumer for any

goods or services offered, Defendant shall disclose certain information to the consumers.[1] Defendant shall clearly and conspicuously:

    a.  Summarize all material provisions of any goods or services offered; and

    b.  Disclose primary exclusions and/or conditions related to any goods or services that Defendant sells or markets.

Nothing in this provision restricts Defendant from providing additional details regarding the terms and conditions of the goods or services, nor does it relieve Defendant from his obligation to accurately answer all questions raised by a consumer.

    9.   <u>Clear and Understandable Contract Terms.</u> In order to ensure that the consumer has the opportunity to read and understand all material terms and conditions of a contract for a good or service, Defendant shall only market contracts that are written in clear, understandable language, and are printed or typed in easy-to-read font and format.

    10.   <u>Mailing Lists.</u> With regard to the marketing and sale of goods and services by written solicitation, Defendant shall in written solicitations, clearly and conspicuously offer consumers the option of being removed from a mailing list obtained or created by Defendant via a toll-free telephone number and/or by a mail delivery service. If a consumer asks to be removed from a mailing list, Defendant, Defendant's agents, assigns, or any other entity soliciting business for Defendant or providing transfer leads to Defendant, shall not make a written solicitation to said consumer or any persons residing with said consumer at that mailing address for a period of five years.

---

[1] When Defendant is required to mail the consumer a copy of the written contract, the date the contract was mailed (as evidenced by the date on the letter or the postmark on the envelope, whichever is later) will trigger the consumer's response time to cancel the contract or as provided by state law.

11. <u>Written and Television Solicitations</u>. In the marketing and sale of goods and services by written or television solicitations, Defendant shall:

    a. Clearly and conspicuously disclose in all written and television solicitations with or directed to consumers the company's identity, including its business name (or assumed business name) and contact information, including the company's telephone number and address; and

    b. When making a specific offer, clearly and conspicuously disclose, in close proximity to any terms or conditions to which they relate, all material limitations, conditions, and restrictions relating to any offer.

12. <u>Cancellation or Refund Policies</u>.

    a. Prior to giving consumers the full written terms of the goods and services to be purchased, Defendant shall provide clear and conspicuous instructions that explain the procedures consumers must follow to properly cancel a purchase.

    b. Defendant shall issue refunds to consumers in compliance with a reasonable refund policy that is in writing and provided to the customer.

    c. If Defendant is an employer, Defendant shall employ adequate staff to promptly respond to customer service inquiries, telephone calls and refund requests.

    d. Defendant shall adhere to any written cancellation procedures.

    e. Defendant shall not make cancellation procedures burdensome or confusing.

13. <u>Licensing and Registration Requirements.</u>

    a. Defendant shall not operate in a state in which Defendant is not properly licensed or registered.

b. Defendant shall not sell or offer to sell goods or services on behalf of another entity that is not properly licensed, registered, or insured.

c. Defendant is not prohibited from asserting any defense Defendant believes is applicable under state licensing and registration laws.

14. <u>Consumer Credit Reports & Offers of Credit</u> In the marketing and sale of goods and services, Defendant shall:

a. Comply with the FCRA;

b. Upon the request of a consumer, inform the consumer of the manner in which the consumer's information was obtained, for what purposes it was obtained and what information was obtained;

c. When making an offer of credit or insurance, inform a consumer:

i. Of the consumer's right to opt-out of pre-screened solicitations of credit or insurance in the exact format, type size, and manner prescribed by the FCRA, 16 C.F.R. § 642 et seq. and § 698 et seq.;

ii. That Defendant used information contained in the consumer's consumer report, if such is the case; and

iii. That the consumer received the offer because the consumer satisfied the criteria for credit worthiness or insurability, but that credit or insurance may not be extended if the consumer does not continue to meet the criteria or does not pay any collateral that was clearly and conspicuously disclosed in the solicitation as being required.

d. For a period of five years from the date an offer of credit or insurance was made, secure and maintain records of the criteria used to select which consumers to target, including all criteria Defendant used to determine credit

worthiness or insurability and any requirement for paying collateral (unless such records were already unavailable as of January 1, 2009).

e.  Not use a consumer report, or any information contained therein, except for the permissible purpose for which it was originally obtained by Defendant.

15.  <u>Consumer's Right to Privacy.</u> In the marketing and sale of goods and services, Defendant shall:

a.  Comply with the federal DPPA or similar state disclosure laws.

b.  Not obtain consumers' contact information, including phone number and address, and other personal information in violation of federal or state laws, including, but not limited to, the FCRA.

16.  <u>Compliance Not Admission.</u> While Defendant agrees to comply with all state and federal laws, the Defendant's agreement to perform as detailed in Section VI is not itself an admission that said performance of each injunctive provision is necessary or required to comply with any state or federal law, other than those which require Defendant to comply with this Judgment.

## VII.  NOTICE

The mailing of a copy of this signed and filed Judgment to Defendant or to Defendant's attorney shall constitute notice and acceptance by Defendant of all the terms of this Judgment. Defendant waives his right to have a copy of this Judgment served upon him. Furthermore, Defendant waives any requirement that this Judgment include findings of fact and conclusions of law.

## VIII.  RECORDKEEPING

1.  <u>Copies of Advertising.</u> In any future business that Defendant owns or operates, Defendant shall, for a period of five years following the registration of his business

pursuant to the state law in which it operates provide a copy of any promotional materials (including advertising transcripts) and telephone scripts to the Attorney General within fourteen days of receiving a request from the Attorney General. Defendant shall not represent or imply that failure of an Attorney General to take any action thereon constitutes acquiescence, approval or endorsement of any promotional material, telephone script or business practice by the Attorney General.

2.    Maintenance of Advertising. In any future business Defendant owns or operates and effective immediately upon execution of this Judgment, Defendant agrees to maintain records of all promotional materials for a period of at least five years after Defendant publishes, broadcasts or otherwise disseminates the advertisement, including advertisements that Defendant causes to be published, broadcast or otherwise disseminated or which are published, broadcast or otherwise disseminated by anyone pursuant to a contract. Advertisements shall include, but are not limited to, postcards, mailers, emails, text messages, Internet sites, or other information disseminated for the purposes of promoting or marketing a service or product. Defendant shall maintain records in such a manner that the advertisement, the dates of dissemination, the method of dissemination, and any records sufficient to substantiate the representations or claims made in the advertisement are easily obtainable.

3.    Maintenance of Scripts. In any future businesses the Defendant owns or operates and effective immediately upon execution of this Judgment, Defendant agrees to maintain for a period of at least five years a copy of all scripts used by Defendant, or by anyone on behalf of or at the direction or request of Defendant, including, but not limited to, customer service scripts, sales scripts, or language contained in any instructions to

employees, agents, volunteers, interns or independent contractors, or rebuttal language used based on consumer responses

## IX.   PENALTIES / PAYMENT TO THE STATE

1.      <u>Civil Penalty.</u> The Arkansas Attorney General is hereby awarded a civil penalty of $6,586,000. Said Civil Fine or Penalty is to or for a governmental unit and is not for pecuniary loss. Subject to Defendant's full compliance with this Judgment and the Settlement Agreement that Defendant has entered into with the Bankruptcy Estate of U.S. Fidelis, Inc., the Arkansas Attorney General agrees to look only to the assets paid over to the Bankruptcy Estate of U.S. Fidelis, Inc. to recover its civil fines and penalties.  In the event that the Plaintiff is able to recover any of this sum from the Bankruptcy Estate of U.S. Fidelis, Inc., such recovered funds shall be held by the Attorney General and deposited in the Consumer Education and Enforcement Fund and shall be held in trust there to be used by the Attorney General in his discretion to further efforts to investigate and prosecute consumer protection, environmental, public utilities, and antitrust matters, and to educate consumers regarding such matters.

2.      <u>Fees and Costs.</u> The Arkansas Attorney General is further awarded the sum of $100,000 as attorneys' fees, court costs, and investigative costs. Subject to Defendant's full compliance with this Judgment and the Settlement Agreement that Defendant has entered into with the Bankruptcy Estate of U.S. Fidelis, Inc., the Arkansas Attorney General agrees to look only to the assets paid over to the Bankruptcy Estate of U.S. Fidelis, Inc. to recover its attorneys' fees, court costs, and investigative costs.

3.      <u>Civil Penalties for Failure to Comply.</u> Pursuant to Arkansas law, the Court may impose a civil penalty of not more than $10,000 for each violation of this Judgment in addition to any other remedy allowed by law. In addition, should the Defendant materially

default in performance of his duties or seek to recover any or all of his assets from the

Bankruptcy Estate, Plaintiff expressly reserves the right, upon notice to the Defendant, to

collect on the judgment herein as provided by law.

     4.      <u>Costs.</u> Defendant shall pay all court costs associated with this matter.

## X.   RELEASE OF CLAIMS

     1.      In lieu of further litigation by Plaintiff, and in consideration of Plaintiff's

forbearance, Defendant shall fully perform his duties as required under this Judgment and in

the bankruptcy case of *In re:  U.S. Fidelis, Inc.*, Case No. 10-41902, now pending in the

Eastern District of Missouri, St. Louis Division, including, but not limited to, the surrender

of assets set forth in the Settlement Agreement between Defendant and the U.S. Fidelis, Inc.

Bankruptcy Estate, a copy of which is attached hereto and made part hereof as Exhibit 1

together with a motion and final order approving same filed pursuant to Bankruptcy Rule

9019.  This Judgment is expressly premised upon Defendant's surrender of all of his assets

to the U.S. Fidelis, Inc. Bankruptcy Estate as provided in Exhibit 1. The Plaintiff's release of

its restitution claims is subject to and conditioned on the Defendant not recovering or

seeking to recover any or all of his assets from the Bankruptcy Estate, as indicated in

Exhibit 1.

     2.      By execution of this Judgment, the Attorney General releases the Defendant

from all civil claims, causes of action, damages, fines, costs or penalties that were asserted by

the Attorney General at any time up to and including the effective date of this Judgment for

alleged violations of its consumer protection laws or regulations arising from the allegations

that are the subject matter of this Judgment. Notwithstanding the foregoing, the Attorney

General may institute an action or proceeding to enforce the terms and provisions of this

Judgment.

## XI.  JURISDICTION RESERVED

The Court reserves jurisdiction over this action for the following purposes:

1.      In order to take any further action deemed necessary to enforce this Judgment and to award the Attorney General judgment for any costs, including attorney's fees, it incurs in the event of noncompliance by Defendant.

2.      In order to take further action for Defendant's (a) failure to disclose any material asset; (b) Defendant's material misrepresentation of the value of an asset; (c) or any other material misrepresentation or omission on Defendant's financial statement that conceals the existence of assets, including but not limited to claims involving fraudulent transfers or piercing the corporate veil. Plaintiff may request that the Consent Judgment be re-opened for the purpose of allowing Plaintiff to modify Defendant's monetary liability. Proceedings instituted under this provision would be in addition to and not in lieu of any other remedies as may be provided by law. A finding of material misrepresentation or omission as to the financial statement shall in no respect modify any other term or condition of this Judgment. In all other respects, this Judgment shall remain in full force and effect unless otherwise ordered by the Court.

IT IS SO ORDERED THIS ____8^th____ day of _November_, 2010.

_____
The Honorable Susan Weber Wright

JOINTLY APPROVED FOR ENTRY AND SUBMITTED BY:

**DUSTIN McDANIEL**
**ATTORNEY GENERAL**

DATED: _10/22/10_

Kevin Wells, Ark. Bar No. 2007213
Assistant Attorney General
Office of the Attorney General
323 Center Street, Suite 500
Little Rock, Arkansas 72201
kevin.wells@arkansasag.gov
(501) 682-8063

**Eric B. Estes**, Ark. Bar No. 98210
Senior Assistant Attorney General
Office of the Attorney General
323 Center Street, Suite 500
Little Rock, Arkansas 72201
eric.estes@arkansasag.gov
(501) 682-8090

*Counsel for Plaintiff, State of Arkansas*
FOR DEFENDANT CORY ATKINSON, Individually

DATED: _10/22/10_

Cory Atkinson, Individually
302 Atkinson Way
Wentzville, Missouri 63385

23